# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNY CALIHAN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>D. ADAMS, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:09-cv-01373-YNP PC<br><br>ORDER RE MOTION<br><br>(Doc. 10) |

   Plaintiff Kenny Calihan ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's "Motion for Review by the District Judge and Counsel be Appointed" filed on August 24, 2009. (Doc. #10.) Plaintiff filed a motion for appointment of counsel on August 17, 2009. (Doc. #6.) Plaintiff's motion for appointment of counsel was denied on August 18, 2009. (Doc. #8.) Plaintiff argues that he has a valid claim based on Defendants' practice of delaying the delivery of his mail.

   Plaintiff has no constitutional right to appointment of counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and that the Court does not have the authority to require an attorney to represent Plaintiff, Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). The Court will only seek the voluntary assistance of counsel pursuant to section 1915(e)(1) in exceptional circumstances. See Rand, 113 F.3d at 1525. The factors relevant to whether exceptional circumstances exist are the likelihood of success on the merits, the ability of the Plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Rand, 113 F.3d at 1525.

The Court notes that the facts and legal issues involved at this early stage of litigation are not overly complex and Plaintiff has not demonstrated an inability to articulate his claims pro se. The Court also notes that it would be premature to determine at this early stage in litigation whether Plaintiff has a likelihood of success on the merits of his claims. Finally, the Court notes that it is faced with cases similar to Plaintiff's on a daily basis and it lacks the resources to seek the voluntary assistance of counsel in every case.

The Court also notes that Plaintiff appears to be requesting review of his motion by a District Judge. Plaintiff consented to jurisdiction by U.S. Magistrate Judge on August 14, 2009. (Doc. #5.) Plaintiff has offered no authority, and the Court is not aware of the existence of any authority, that allows for review by a District Judge of the denial of a motion for appointment of counsel after a Plaintiff has consented to U.S. Magistrate Judge jurisdiction. Plaintiff is also advised that any request for reconsideration is governed by the requirements of the Local Rules of Practice. Local Rule 78-230(k)(3) requires that a party requesting reconsideration show "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Plaintiff has not shown any new or different facts or circumstances that did not exist when he made his prior motion for appointment of counsel. Thus, Plaintiff is not entitled to reconsideration of the Court's denial of his motion for appointment of counsel.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for appointment of counsel is DENIED, without prejudice; and
2. To the extent Plaintiff's motion can be construed as a motion for reconsideration, his motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:   **January 8, 2010**              /s/ **Gary S. Austin**
                                           UNITED STATES MAGISTRATE JUDGE